# EXHIBIT A

JOEL M. CHIPKIN, ESQUIRE - ATTORNEY ID: 027301989
GOLDENBERG, MACKLER, SAYEGH, MINTZ,
PFEFFER, BONCHI, & GILL
A Professional Corporation
1030 Atlantic Avenue
Atlantic City, NJ 08401
(609) 344-7131/(609) 347-2052 fax
Attorney for Plaintiff

| Bruce Baskow,<br><br>Plaintiff,<br><br>v.<br><br>Walmart, Inc.; John Doe, Mary Does, ABC Business Entities, & XYZ Corporations, jointly, severally & in the alternative,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION<br><br>DOCKET NO: ATL-L<br><br>Civil Action<br><br>**COMPLAINT & JURY DEMAND** |
|---|---|

Plaintiff Bruce Baskow, residing at 14 Violet Lane, City of Somers Point, County of Atlantic, and State of New Jersey, by way of Complaint against Defendant Walmart, Inc. ("Defendant"), says:

### FIRST COUNT

1. At all times material hereto, Plaintiff Bruce Baskow ("Plaintiff"), was a patron/invitee at Walmart, Inc. Store #3121 owned and/or operated and/or maintained by Defendant Walmart, Inc. ("Defendant").

2. On or about July 13, 2019, Plaintiff was caused to fall and sustain injury due to the unreasonably dangerous condition of the premises owned and/or operated and/or maintained by Defendant.

3. Defendant, through its agents, representatives, and/or employees was negligent in breaching its duty to Plaintiff to use ordinary care and diligence to design, build, keep and maintain the said premises in a condition reasonably safe for its intended uses, free of

all defects and conditions which would render it dangerous and unsafe for Plaintiff or present an unreasonable risk of harm to Plaintiff in the use of said premises.

4. Defendant, through its agents, representatives, and/or employees was further negligent in breaching its duty to exercise reasonable care to protect Plaintiff by inspection and other affirmative acts from the danger of a reasonably foreseeable injury occurring from the use of the premises in question.

5. Defendant, through its agents, representatives, and/or employees was further negligent in breaching its duty to Plaintiff to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for Plaintiff and free from defects and conditions rendering it unsafe.

6. The aforesaid act or occurrence was the result of the general negligence and carelessness of Defendant, its agents, representatives, and/or employees and the nuisance that was created and/or maintained and/or adopted by Defendant.

7. Defendant was further negligent and careless by failing to have proper warnings that would have alerted Plaintiff and other members of the traveling public to the aforesaid dangerous and unfit condition.

8. Defendant was further negligent and careless in failing to warn Plaintiff and other members of the traveling public in a timely and proper manner of the aforesaid dangerous condition.

9. Defendant, through its agents, representatives and employees, was on notice or should have been on notice that unless vigilance was used, the condition of the premises would endanger the safety of persons walking thereupon.

10. Defendant was further negligent and careless in permitting the premises to remain in an unsafe condition and through its agents, representatives and/or employees, having notice of said unsafe condition.

11. Defendant, though its agents, representatives and/or employees was further negligent and careless in failing to properly maintain the premises, at the scene of the accident in a safe condition for the general public.

12. The aforesaid acts of negligence on the part of Defendant combined and concurring were the proximate cause of the injuries sustained by Plaintiff as herein alleged.

13. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible in whole or in part for the causation of the aforesaid accident. For the purposes of the within Complaint, said individuals and business entities have been nominated as John Does I-V, ABC Business Entities I-V and XYZ Corporations I-V. Plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserve(s) the right to amend the within Complaint relative to additional defendants when and if the identity of said individuals or business entities becomes known.

14. As a result of the aforesaid accident, Plaintiff fell to the ground, suffered severe and painful bodily injuries which necessitated medical treatment, was caused pain and suffering, was incapacitated from pursuing usual employment and other activities, and is left with injuries that will incapacitate Plaintiff, cause Plaintiff pain and suffering and require medical treatment.

3

**WHEREFORE**, Plaintiff Bruce Baskow demands judgment in his favor and against Defendant Walmart, Inc. for damages, interest, attorneys' fees and costs of suit as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff Bruce Baskow hereby demands trial by jury on all issues herein.

## NOTICE OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Joel M. Chipkin, Esquire is hereby designated as trial counsel in the above-captioned litigation for the firm of Goldenberg Mackler Sayegh Mintz Pfeffer Bonchi & Gill, pursuant to R. 4:25-4.

## CERTIFICATION UNDER R. 4:5-1

I, Joel M. Chipkin, hereby certify, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court or the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true to my personal knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

## DEMAND PURSUANT TO R. 4:17-1 (b) (ii)

Plaintiff Bruce Baskow demands answers to Form C and C(2) Uniform Interrogatories in lieu of service of the Interrogatories themselves.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying

4

on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## DEMAND FOR PRODUCTION OF DOCUMENTS

In accordance with R. 4:10-2 et seq. and R. 4:18-1 specifically, Plaintiff Bruce Baskow demands that Defendants provide copies of all discoverable materials and information within thirty (30) days after the service of this request.

If Defendant believe something is not discoverable, please identify the item or information and state why it is not discoverable. If the item cannot be copied, please state what it is so a mutually convenient date and time can be agreed upon for inspection or reproduction of the item.

The following information and materials are requested:

1. The entire contents of any investigation file or files and any other documentary material in your possession which support or relate to the allegations of Defendants' Answer (excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications to and from counsel).

2. Any and all statements concerning this action, as defined by R.4:10-2 from any witnesses including any statements from the parties herein, or their respective agents, servants or employees.

5

3. Copies of all photographs of the parties involved, vehicles involved, scene or accident or any other photos which Defendant intend to use in discovery or at time or trial. Also give name and address of photographer.

4. Any and all documents containing the name and home and business addresses of all individuals contacted as potential witnesses.

5. Names and addresses of any expert witnesses consulted and attached hereto copies of any reports received from experts and a copy of their Curriculum Vitae.

6. A copy of all Insurance policies under which the defendant is provided coverage for the incident which is the subject matter of the Complaint.

7. Attach reports, photographs, and videotapes of surveillances; including plaintiff's accident.

8. Any and all medical records and reports obtained concerning Plaintiff Bruce Baskow.

9. All inspection logs for the area of the fall for 30 days before and 30 days after Plaintiff's fall.

10. Any complaints, reports of falls in the area of Plaintiff's fall for one year before and 6 months after Plaintiff's fall.

GOLDENBERG MACKLER SAYEGH MINTZ
PFEFFER BONCHI & GILL
Attorneys for Plaintiff

By: _____
Joel M. Chipkin, Esquire

Dated: April 8, 2021

6